1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAUNA DECKER, on behalf of M.D., a        No.  2:23-cv-00009 AC
     Minor,
12
                           Plaintiff,
13                                              ORDER
              v.
14
     COMMISSIONER OF SOCIAL
15   SECURITY,

16                         Defendant.

17

18

19          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

20   ("Commissioner"), denying her application for Supplemental Security Income ("SSI") on behalf

21   of her child under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1]

22   For the reasons that follow, the court will grant plaintiff's motion for summary judgment and

23   deny the Commissioner's cross-motion for summary judgment.

24   ////

25   ////

26   _____
     [1]  SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); <u>Washington State Dept.
27   of Social and Health Services v. Guardianship Estate of Keffeler</u>, 537 U.S. 371, 375 (2003)
     ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of
28   benefits for aged, blind, or disabled individuals, including children, whose income and assets fall
     below specified levels . . .").

                                            1

1                  I.  PROCEDURAL BACKGROUND

2       Plaintiff applied for SSI benefits on her child's behalf on May 5, 2020.  Administrative

3 Record ("AR") 183-93.[2]  The alleged disability onset date was December 1, 2019.  AR 184.  The

4 applications were disapproved initially, (AR 136-40), and on reconsideration, (AR 146-49).  On

5 June 10, 2021, Administrative Law Judge ("ALJ") Sara A. Gillis presided over hearings on

6 plaintiff's challenge to the disapprovals.  AR 81-108 (hearing transcript).  Plaintiff's mother was

7 present and testified at the hearing.  AR 82.  The minor was not present and was not represented

8 by counsel at the hearing.  AR 83.

9       On September 15, 2021, the ALJ issued an unfavorable decision, finding the child "not

10 disabled" under Section 1614(a)(3)(C) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).

11 AR 68-77 (decision), 78-80 (exhibits).  On November 8, 2022, the Appeals Council denied

12 plaintiff's request for review, leaving the ALJ's decision as the final decision of the

13 Commissioner of Social Security.  AR 1-7 (decision).  Plaintiff filed this action on January 2,

14 2023.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3).  The parties consented to the jurisdiction of

15 the magistrate judge.  ECF No. 9.  The parties' cross-motions for summary judgment, based upon

16 the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 15

17 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion), 23

18 (plaintiff's reply).

19                  II.  FACTUAL BACKGROUND

20       M.D. was born in 2015 and was a 4-year-old minor child in preschool at the alleged

21 disability onset date.  AR 210.  Plaintiff alleged disability beginning December 1, 2019 based on

22 a combination of impairments including attention deficit hyperactivity disorder (ADHD) and high

23 anxiety.  AR 205.

24                   III.  LEGAL STANDARDS

25       The Commissioner's decision that a claimant is not disabled will be upheld "if it is

26 supported by substantial evidence and if the Commissioner applied the correct legal standards."

27 Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

---

28    [2]  The AR is electronically filed at ECF No. 10.

1    Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews

2    v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

3         Substantial evidence is "more than a mere scintilla," but "may be less than a

4    preponderance." Molina v. Astrue , 674 F.3d 1104, 1110-11 (9th Cir. 2012).  "It means such

5    relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

6    Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While

7    inferences from the record can constitute substantial evidence, only those 'reasonably drawn from

8    the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation

9    omitted).

10        Although this court cannot substitute its discretion for that of the Commissioner, the court

11   nonetheless must review the record as a whole, "weighing both the evidence that supports and the

12   evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS,

13   846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The

14   court must consider both evidence that supports and evidence that detracts from the ALJ's

15   conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

16        "The ALJ is responsible for determining credibility, resolving conflicts in medical

17   testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

18   Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of

19   which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart,

20   278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the

21   ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn

22   v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

23   2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

24   evidence that the ALJ did not discuss").

25        The court will not reverse the Commissioner's decision if it is based on harmless error,

26   which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

27   ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

28   ////

3

1   2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

2   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

3   IV.  RELEVANT LAW

4   Supplemental Security Income is available for every eligible individual who is "disabled."

5   42 U.S.C. § 1381a; Department of HHS v. Chater, 163 F.3d 1129, 1133 (9th Cir.1998) ("The

6   Social Security Act directs the Commissioner of the Social Security Administration to provide

7   benefits to all individuals who meet the eligibility criteria").  An individual under the age of 18,

8   such as plaintiff's child here, is "disabled" if he meets two criteria, set forth at 42 U.S.C. §

9   1382c(a)(3)(C)(i):

10
First, he must have an impairment that results in marked and severe
functional limitations.  He satisfies this criterion if his impairment
11
matches one of those described in the Listing [Listing of
Impairments, 20 CFR Pt. 404, Subpart. P, App. 1].  Second, the
12
impairment must have lasted or can be expected to last for a
continuous period of at least 12 months
13

14   Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir.2000); see also, 20 CFR § 416.906

15   ("Basic definition of disability for children").  "The claimant bears the burden of establishing a

16   prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir.1995) (citing Drouin

17   v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992)), cert. denied, 517 U.S. 1122 (1996); Smolen v.

18   Chater, 80 F.3d 1273, 1289 (9th Cir.1996).

19   The Commissioner has established a three-step sequential evaluation process for the ALJ

20   to follow when considering the disability application of a minor claimant.  20 C.F.R. §

21   416.924(a); see, e.g., Rose v. Colvin, 2013 WL 5476513, at *2 (E.D. Cal. 2013) (applying the

22   three-step sequential evaluation process in a child disability case); Augustine ex rel. Ramirez v.

23   Astrue, 536 F.Supp.2d 1147, 1150 (C.D. Cal. 2008) (same); Smith ex rel. Enge v. Massanari, 139

24   F.Supp.2d 1128, 1132 (C.D. Cal. 2001) (same).  The Commissioner developed this evaluation

25   process after the Personal Responsibility and Work Opportunity Reconciliation Act of 1996,

26   Pub.L. No. 104–193, § 211, 110 Stat. 2105 (1996), altered the statutory definition of childhood

27   disability and the standard for determining whether a child is eligible for disability benefits.  See

28   Howard ex rel. Wolff, 341 F.3d at 1013 (citing legislative history indicating that the change in the

4

law was designed so that only needy children with severe disabilities will be eligible for SSI);

Jamerson v. Chater, 112 F.3d 1064, 1065, 1067–68 (9th Cir.1997) (recognizing the more stringent

standard for finding a child disabled imposed by the 1996 legislation).

The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.924(a).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.924(a), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, the claimant is not disabled.

Id., § 416.924(a), (d).

Step Three encompasses two analytical steps.  First, it must be determined whether the claimant's impairment meets or medically equals a Listing.  Second, the impairment must also satisfy all of the criteria of the Listing.  20 C.F.R. § 416.925(d).  The mere diagnosis of an impairment in the Listing is insufficient, without more, to sustain a finding of disability.  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir.1990); Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1985).  If the claimant does not meet or medically equal a Listing, he may still be considered disabled if an impairment results in limitations that "functionally equal the listings."  20 C.F.R. § 416.926a(a).

In determining whether the severe impairment functionally equals the listings, the ALJ must assess the claimant's functioning in six "domains."  The "domains" are broad areas of functioning that are "intended to capture all of what a child can and cannot do."  Id., § 416.924a(b)(1).  The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring himself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).  To "functionally equal" the listings, the impairment must result in "marked" limitations in two

1   domains or an "extreme" limitation in one domain.  Id., § 416.926a(a), (d).  In making this

2   assessment, the ALJ looks at "how appropriately, effectively, and independently" the claimant

3   preforms his activities "compared to the performance of other children [the claimant's] age who

4   do not have impairments."  Id., § 416.926a(b).

5        A minor has a "marked" limitation in a domain if his impairment "interferes seriously"

6   with his "ability to independently initiate, sustain, or complete activities."  20 C.F.R. §

7   416.926a(e)(2)(i).  The regulations also provide that "marked" limitations means a limitation that

8   is "more than moderate" but "less than extreme."  Id.  A minor has an "extreme" limitation in a

9   domain if his impairment "interferes very seriously" with his "ability to independently initiate,

10   sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(i).  The regulations also provide that

11   an "extreme" limitation also means a limitation that is "more than marked."  Id.  However,

12   "extreme" limitation does not mean a "total lack or loss of ability to function."  Id.

13        The claimant bears the burden of establishing a prima facie case of disability.  Roberts v.

14   Shalala, 66 F.3d 179, 182 (9th Cir. 1995); see 20 C.F.R. § 416.912(a) ("In general, you have to

15   prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5.  This burden requires a

16   showing that the minor has an impairment listed in the regulations, and that he has met the

17   duration requirement.  See 20 C.F.R. § 416.924(a), 416.924(d)(2).

18                   V.  THE ALJ's DECISION

19       The ALJ made the following findings:

20          1. The claimant was born [in 2015]. Therefore, she was a preschooler
21          on May 4, 2020, the date application was filed, and is currently a
              preschooler (20 CFR 416.926a(g)(2)).

22          2. [Step 1] The claimant has not engaged in substantial gainful
23          activity since May 4, 2020, the application date (20 CFR 416.971 et
              seq.).

24          3. [Step 2] The claimant has the following severe impairments:
25          autism spectrum disorder; attention deficit hyperactivity disorder
              (ADHD); trauma and stressor related disorder and mood disorder (20
26          CFR 416.924(c)).

27          4. [Step 3] The claimant does not have an impairment or combination
              of impairments that meets or medically equals the severity of one of
              the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1
28          (20 CFR 416.924, 416.925 and 416.926).

1

2
3
5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926(a).

4
5
6. The undersigned finds that the claimant has not been disabled, as defined in the Social Security Act, since May 4, 2020, the date the application was filed (20 CFR 416.924(a)).

6   AR 69-76.  As noted, the ALJ concluded that the minor was "not disabled" under Section

7   1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 76.

8   VI.  ANALYSIS

9   Plaintiff makes three challenges to the ALJ's determination: (1) the ALJ failed to properly

10  evaluate subjective symptom testimony from plaintiff and her mother; (2) the ALJ improperly

11  discredited the consultative examiner Lauri Stenbeck, Psy. D.; and (3) the ALJ improperly found

12  the opinion of non-examining physician Dr. Lipetz to be persuasive.  ECF No. 14 at 5-12.

13  A.  Evaluation of Subjective Symptom Testimony

14  Plaintiff argues that the submitted subjective testimony was not properly evaluated, but

15  instead rejected with boilerplate language and without specific findings of inconsistency or

16  conflict with the record.  An ALJ performs a two-step analysis to evaluate a claimant's testimony.

17  Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (citations omitted).  First, the ALJ must

18  evaluate the objective medical evidence of the underlying impairment which could be reasonably

19  expected to cause the alleged symptoms or pain, and second, if there is no evidence of

20  malingering, the ALJ can reject the claimant's testimony as to the symptoms' severity by offering

21  specific, clear, and convincing reasons.  Id. at 1015 (citations omitted).  Inconsistent testimony

22  and complaints inconsistent with plaintiff's daily activities are specific, clear, and convincing

23  reasons to discount a claimant's testimony.  Frost v. Berryhill, 727 Fed. Appx. 291, 295 (9th Cir.

24  2018) (citations omitted).

25  Here, plaintiff's mother testified that plaintiff has tantrums when out of her routine and

26  has a difficult time self-soothing, though she is very smart.  AR 87-88.  Plaintiff becomes easily

27  distracted and must be redirected often, though her learning "seems to be okay."  AR 89.

28  Plaintiff's mother reports that plaintiff will say hi and talk to other children, though she has

difficulty sharing and maintaining play with children her age.  AR 89-90.  She testified that her child becomes easily overstimulated at places like the grocery store or Six Flags.  AR 91.  She testified that plaintiff struggles with long tantrums, difficulties sleeping and eating, and lacks emotional connections to things.  AR 93-96.

The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the allegations concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  AR 72.  She then went on to report the plaintiff's medical history, noting various diagnoses and results of evaluations, but there is no clear connection between this medical history and what portions of plaintiff's mother's testimony were rejected or accepted.  For example, the ALJ noted that at an examination " the mother continued to complain of the claimant's tantrums and insomnia.  The mother reported that the claimant was very impulsive and often did not listen.  On examination at that time, the claimant's affect was somewhat restricted and she was fairly guarded.  Nevertheless, the claimant's mood was euthymic."  AR 73, citing AR 300-01.  The ALJ failed to describe with any particularly how any exam findings discredit specific symptom testimony.  To discredit subjective testimony based on inconsistencies in the medical record, an ALJ must make specific findings linking the lack of evidence or contradictions in the medical record to plaintiff's symptom testimony.  Burrell v. Colvin, 775 F.3d 1133, 1139 (9th Cir. 2014).  Here, the ALJ makes no such specific findings and there is no obvious link or conflict between the ALJ's recitation of the record and the subjective symptom testimony.

Further, to the extent the ALJ attempted to demonstrate inconsistencies within plaintiff's mother's testimony, the rationale is unclear.  For example, the ALJ reasons that plaintiff's "mother further reported that the claimant struggled with focus, attention and became distracted easily.  Nevertheless, the mother noted that the claimant enjoyed activities such as going to Chuck E. Cheese, the park, stores, and playing with her siblings."  AR 72.  It is not clear or convincing that the child's enjoyment of Chuck E. Cheese, the park, stores, or playing with her siblings detracts from the mother's contention that the child has difficulty with focus and concentration.

8

1    The ALJ does not explain the connection, and the court finds none.  Accordingly, the ALJ erred

2    in failing to properly evaluate the subjective symptom testimony.

3          B.  Consideration of Consultative Examiner Opinion

4          Plaintiff contends that the ALJ "picked and chose among the functional opinions of

5    consultative psychologist Lauri Stenbeck, Pys.D., conveniently discarding all Dr. Stenbeck's

6    'marked' assessments of M.D."  ECF No. 23 at 6.  Plaintiff filed her application after March 27,

7    2017 (AR 183-91), so the revised regulations for medical evidence govern in this case.  20 C.F.R.

8    § 416.920c(a).  These new regulations eliminate any semblance of a hierarchy of medical

9    opinions and state that the agency does not defer to any medical opinions, even those from

10   treating sources.  20 C.F.R. § 404.1520c(a) (2017).  They also eliminate the agency's "treating

11   source rule," which gave special deference to certain opinions from treating sources.  82 Fed.

12   Reg. at 5853.  The new regulations require an ALJ to explain how he or she considered the

13   factors of supportability and consistency, which are the two most important factors in determining

14   the persuasiveness of a medical opinion.  20 C.F.R. § 404.1520c(b)(2).  The new regulations are

15   not clarifications of prior regulations, but instead reflect important changes from the prior

16   regulatory scheme (including prior case law developed under old schemes).  The ALJ is required

17   to articulate why she considered one opinion more persuasive than another when they are equally

18   supported and consistent with the record on a particular issue.  20 C.F.R. § 404.1520c(b)(3).

19         Consultative examiner Dr. Stenbeck examined plaintiff on January 15, 2021.  AR 325.

20   Dr. Stenbeck assessed several functional areas, and found plaintiff markedly limited in her ability

21   to integrate socially with peers and adults in an age-appropriate manner due to behavior issues

22   and lack of interest in social relationships, and markedly limited in her ability to engage in,

23   perform and/or sustain an activity for a period of time and at a pace that is age appropriate due to

24   hyperactivity.  AR 327.  Plaintiff was diagnosed with Autism Spectrum Disorder, Attention

25   Deficit Hyperactivity Disorder, and Disruptive Mood Dysregulation Disorder.  Id.  The ALJ

26   credited portions of Dr. Stenbeck's opinion, but rejected the finding that plaintiff was markedly

27   limited in the ability to integrate socially with peers and adults in an age-appropriate manner as

28   ////

9

1   well as engage in, perform, and/or sustain an activity for a period of time that is age-appropriate

2   and/or at a pace that is age-appropriate.  AR 76.

3       The ALJ reasoned that though that portion of the opinion was somewhat supported by Dr.

4   Stenbeck's own examination, "which reflected that the claimant was hyperverbal and hyperactive,

5   and demonstrated impaired concentration," it was "not fully consistent with the subsequent

6   record, which reflected demonstrated good eye contact and interaction, elevated affect, as well as

7   the ability to engage in self-play without disruption, and get along with her siblings."  Id.  The

8   ALJ did not cite to the record, nor did she explain how these later findings contradict Dr.

9   Stenbeck's marked limitation in the functional area.  It is not obvious that findings such as an

10  elevated affect or an ability to play with siblings translates to the ability to sustain an activity at

11  an age-appropriate level and pace.  The ALJ's analysis is unsupported on its face, requiring

12  remand for reconsideration.

13      C.  Consideration of Non-Examining Physician Opinion

14      Plaintiff argues that the ALJ erred by giving great weight to portions of the opinion of

15  non-examining physician Dr. Bruce Lipetz (AR 128-130) because that opinion was based on a

16  limited record and because it was at odds with the decision's step two finding of severe

17  impairments of autism, ADHD, trauma-type disorder, and mood disorder.  ECF No. 15 at 11-12,

18  AR 69, 75.  The ALJ gave partial credit to Dr. Lipetz's opinion, finding his specific opinions that

19  "claimant had no limitation in acquiring and using information, interacting and relating with

20  others, moving about and manipulating objects, caring for herself and health and physical

21  wellbeing, and less than marked limitation in attending and completing tasks . . . were supported

22  by evidence available at the time the opinions were offered."  AR 75.  The ALJ also credited Dr.

23  Lipetz's findings of no limitations in interaction, moving, caring for oneself or health and

24  physical well-being, reasoning that they were  consistent with the record.  Id.  Though Dr. Lipetz

25  specifically found that plaintiff had "no signs of autism to support the CE opinion (which

26  included an autism diagnosis)," the ALJ did not address that finding in her evaluation.  AR 130.

27      The court is unpersuaded by plaintiff's argument that the ALJ could not credit specific

28  functional limitations in Dr. Lipetz's opinion due to a conflict with the ALJ's accepted diagnosis

1   of autism.  Diagnoses alone do not establish any specific functional limitations.  <u>Matthews v.</u>

2   <u>Shalala</u>, 10 F.3d 678, 680 (9th Cir. 1993) (a diagnosis alone does not establish either the severity

3   of an impairment or any specific functional limitations caused by the impairment) (citation

4   omitted).  The acceptance of the diagnosis is not necessarily in conflict with the acceptance of any

5   given functional limitation.

6          The court agrees with plaintiff, however, that the ALJ gave an inadequate reason for

7   accepting Dr. Lipetz's opinion "that the claimant had less than marked limitation in attending and

8   completing tasks was supported by evidence available at the time the opinion was offered, which

9   reflected that the claimant fidgeted throughout the consultative evaluation, was hyperactive and

10  hyperverbal and demonstrated impaired concentration."  AR 75.  The ALJ went on to find that

11  this portion of the opinion "was also consistent with the subsequent record, which further noted

12  that the claimant had inconsistent gaze during the March 2021 evaluation."  <u>Id.</u>  As above, the

13  ALJ failed to connect the dots between the opinion and the evidence supporting the opinion.  It is

14  unclear, for example, how an inconsistent gaze and hyperactive/hyperverbal observed behavior

15  supports a "less than marked" limitation in task persistence and pace.  The lack of clarity in the

16  ALJ opinion necessitates remand.

17         D.  <u>Remand is Necessary</u>

18         The undersigned agrees with plaintiff that the ALJ's errors, described above, are harmful

19  and remand for further proceedings by the Commissioner is necessary.  An error is harmful when

20  it has some consequence on the ultimate non-disability determination.  <u>Stout v. Comm'r, Soc.</u>

21  <u>Sec. Admin.</u>, 454 F.3d 1050, 1055 (9th Cir. 2006).  Here, the ALJ erred in evaluating two medical

22  opinions and in evaluating plaintiff's subjective testimony.  Properly addressing these topics may

23  very well result in a more restrictive residual functional capacity assessment, which may in turn

24  alter the finding of non-disability.  It is for the ALJ to determine in the first instance whether

25  plaintiff has severe impairments and, ultimately, whether she is disabled under the Act.  <u>See</u>

26  <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the

27  ALJ and the Commissioner of the Social Security Administration in the first instance, not with a

28  district court").  "Remand for further administrative proceedings is appropriate if enhancement of

1   the record would be useful." <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004).  Here,

2   further development of the record consistent with this order is necessary, and remand for further

3   proceedings is the appropriate remedy.

4                                    VII.  CONCLUSION

5          For the reasons set forth above, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's motion for summary judgment (ECF No. 15), is GRANTED;

7          2.  The Commissioner's cross-motion for summary judgment (ECF No. 18), is DENIED;

8   and

9          3.  This matter is REMANDED to the Commissioner for further consideration consistent

10   with this order; and

11          4.  The Clerk of the Court shall enter judgment for plaintiff, and close this case.

12          SO ORDERED.

13   DATED: February 21, 2024

14   _____

15   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28